# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50667
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2023

Lyle W. Cayce
Clerk

Alejandro Hernandez,

*Plaintiff—Appellant*

*versus*

Constable R.A. Sommers Precinct #7, Alberto Enrique Hernandez, Reynaldo Aaron Morales, and Victor Vasquez

*Defendants—Appellees*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-79-FM

---

Before Smith, Wiener, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Alejandro Hernandez appeals the district court's dismissal of his claims pursuant to Rule 12(b)(6) and order denying his motion for leave to file a second amended complaint. He argues that the district court incorrectly granted Defendants' motions to dismiss and abused its discretion

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

when it denied his request for leave to amend.  We AFFIRM the judgment of the district court.

This case arises out of Hernandez's eviction from his home, and subsequent foreclosure on the property.  Hernandez filed at least seven actions in state court challenging his evictions and alleging that he did not receive the requisite notice.  Hernandez then brought suit in federal court alleging that he was owed a 90 day notice to vacate the property under the Protecting Tenants and Foreclosure Act of 2009, Pub. L. No. 111–22, § 702, 123 Stat. 1632, 1661 (codified at 12 U.S.C. § 5220 note (Supp.V.2012)). In addition, Hernandez argues that Defendants violated 42 U.S.C. §§ 1985 and 1986 by conspiring to deprive him of his equal protection of the law that is afforded to tenants under the Protecting Tenants and Foreclosure Act and by refusing to prevent the alleged violation under § 1985.

The district court denied each of these claims.  Hernandez's claims under the Protecting Tenants and Foreclosure Act are not cognizable, as that Act does not create a private cause of action.  Accordingly, Hernandez's claims under §§ 1985 and 1986 are likewise not cognizable as they are premised on his right to recover under the Protecting Tenants and Foreclosure Act.  In addition, Hernandez's Fair Housing Act claim fails, as he did not plead facts claiming that he has children, and thus cannot be covered under the Act's familial status provision.  The district court properly dismissed all of Hernandez's claims.

In lieu of dismissal, Hernandez asked the district court to grant his leave to amend.  The district court denied this request because (1) Hernandez had already been given several opportunities to replead, but he repeatedly failed to cure the deficiencies in his complaint, and (2) allowing leave to amend would be futile and needlessly increase costs.  The district court did not abuse its discretion. *Yumilicious Franchise LLC v. Barrie*, 819 F.3d 170,

177 (5th Cir. 2016) (concluding that the district court did not abuse its discretion in denying leave to amend a countercomplaint even though it was the party's first request, as the party had not explained why the amendment would be appropriate and more than 15 months had elapsed between the motion to dismiss and the request for leave to amend).

For these reasons, the district court's judgment is AFFIRMED.